# EXHIBIT 10

**Subject:** Helios Ventures FYE/Flohr; Call Option
**Date:** Tuesday, December 26, 2017 at 11:24:51 AM Eastern Standard Time
**From:** Tobias Schramm
**To:** nmsdfz@yeah.net
**CC:** Leona Qi
**Priority:** High
**Category:** VJ Contacts, VistaJet
**Attachments:** SC-21-HELIOS (dsigned JS).pdf, Form T Helios (signed JS).pdf, DOC122617-12262017134303.pdf

Dear Mr Wang,

We would like to bring to your attention that your notice dated 22 December 2017 is being regarded null and void. Helios is not entitled to request conversion pursuant to clause 3.3 of the Call Option Agreement as a Mandatory Conversion has already occurred on 24 August 2017 and such exercise is not revocable. This position and the consequences under the Call Option Agreement have been confirmed to us on 22 December 2017 by Linklaters LLP who acted as well as transaction counsel of the Rhône Investment and are therefore best to assess the occurrence of a mandatory conversion trigger. Furthermore, the exercise options are mutually exclusive only and not cumulative.

As an evidence of the completed option conversion and share transfer please see attached your new share certificate as well as the Maltese form T confirming the transfer effective 22 December 2017. Please be further advised that the original documents have been posted today, 26 December 2017 in UAE via prepaid recorded delivery (www. aramex.com tracking ID #43895734875, see attached order form) and such local posting by courier is as well evidenced by an affidavit of local law firm Tamimi & Company. Pursuant to clause 15.2 (c) of the Call Option Agreement, receipt of the posted documents is assumed latest on 28 December 2017 following which all obligations under the Call Option Agreement have been performed upon, including requirements pursuant to clause 5.1 of the Call Option Agreement.

As it relates to your queries in your notice to (1) to repay the $36M and (2) to acquire your ordinary B subscription shares, both until 31 January 2018, kindly be advised that we cannot consider these as mutually agreeable solutions. There is no legal basis for both of your demands since (i) the transaction as contemplated under the Call Option Agreement has been completed and (ii) you have no right to demand acquisition before 3 years from subscription and only for an amount equal to $39M under the Put Agreement with a completion period of 12 months with respect to your subscription shares.

Without legal basis for your demand and given the current commercial proposal does not reflect our agreements nor is it commercially reasonable, we are not in a position to progress towards a solution. Nevertheless, we are open to continue to discuss advanced repurchase solutions for both of your investments after 7 January 2018 based on acceptable timing and pricing reflecting the terms of the current agreements.

Kind regards

Tobias Schramm

**FORM T**

No. of Company **C-73543**

**COMPANIES ACT, 1995**

**Notice of transfer of shares**
Pursuant to section 120 (3)

Name of Company **VistaJet Group Holding Limited**

Delivered by **Julia Simonsson**

---

To the **Registrar of Companies**

(a) **VistaJet Group Holding Limited**

hereby gives notice in accordance with Section 120 (3) of the Companies Act, 1995 that (b) nine hundred eighty two thousand eight hundred fifty two (982,852) Ordinary 'A' Share having a nominal value of USD1.099 each have been transferred as indicated hereunder.

| Names and Address of transferor | Name and Address of transferee | No of shares transferred | Type and Class of shares |
|---|---|---|---|
| **Mr. Thomas Flohr**<br><br>a Swiss citizen with passport no. X2915558 and residing at Via Marguns 46, St. Moritz CH-7500, Switzerland | **Helios Ventures FZE**<br><br>a company registered under and governed by the laws of the United Arab Emirates bearing company registration number: 19906, with registered address at SM Office D1 312 F, Ajman Free Trade Zone, Ajman, United Arab Emirates | **982,852** | **Ordinary 'A' shares** |

The above transfer of shares has been registered with the Company in the name of the person entitled to be the registered holder* on the 22nd day of December 2017.

Signature.........................................

***Julia Simonsson***
***Company Secretary***

Dated this 22nd day of December of the year 2017

---

*This form must be completed in typed form*

(a) State company name
(b) State number of shares
* Delete as necessary



FORWARDER AIRWAYBILL *43895734875*

| ORG. STN | DEST. STN |
| --- | --- |
| DXB | DXB |

**1 FROM (SHIPPER)**

Shipper's Account No. 42796

Shipper's Ref. EAT 116839/Mona/Ronald

From (Your Name) Print Please: EAT 116839/Mona/Ronald

Phone Number: 97143641641 (Int'l Code | Area Code | Local No.)

Company: Al Tamimi & Company

Dept./Floor No.

Street Address: DIFC Bldg 4 Level 6

City: Dubai

State/Province: Dubai

Country: United Arab Emirates

ZIP/Postal Code

**2 TO (RECEIVER)**

Receiver's Account No.

Receiver's Ref.

To (Receiver Name) Print Please: Wang, Si Yung

Phone Number(s): 008618674899448 008618674899448

Company: Helios Ventures FZE

Dept./Floor No.

Street Address *(ARAMEX CANNOT DELIVER TO A P.O. BOX)*: SM Office D1-312F

City: Ajman City

State/Province: Ajman

Country: United Arab Emirates

ZIP/Postal Code

**3 SHIPPER'S SIGNATURE & AUTHORIZATION**

[illegible]

Shipper's Signature (Required) X

Date: 12/26/2017

Time: HH / MM

Received By Aramex — Date — Time

Collection Location: Shipper's Door / Aramex Terminal / Other

Collection Ref.

**4 SHIPMENT INFORMATION**

| No. of Pieces | "Actual" Weight | "Chargeable" Weight | Country of Manufacture |
| --- | --- | --- | --- |
| 1 | 0.50 KG | 0.50 KG | |

| Description of Goods/Harmonized Code: | Customs Value | Currency |
| --- | --- | --- |
| docs | | |

**5 SERVICES**

| PROD GRP | PROD TYP |
| --- | --- |
| DOM | OND |

SVC CODE | SVC CODE | SVC CODE

Remarks

**6 TRANSPORTATION CHARGES**

Default to Shipper Account if Not Noted

Bill Shipper

- ☐ Cash
- ☐ Prepaid Stock
- ☒ Account

☐ Bill Receiver Account (Collect)

A/C No.

☐ Bill 3rd Party "Approved" Account

APP A/C

Transport/ Svc

Currency

**7 DUTIES AND TAXES**

Default to Receiver if not Noted

- ☐ Bill Shipper Account (Free Domicile)
- ☐ Bill Receiver
- ☐ Bill 3rd Party "Approved" Account

APP A/C

**8 COST OF GOODS**

No Charges if not Noted

- ☐ Bill Receiver
- ☐ Bill 3rd Party "Approved" Account

APP A/C

Cost of

Currency

**9 RECEIVER SIGNATURE**

Received above shipment in good order and condition

Receiver's Signature (Required) X

Date DD / MM / YY

Time HH / MM

Name (Please Print)

## CONDITIONS OF CARRIAGE

In tendering the shipment for carriage the customer agrees to these terms and conditions of carriage and that this air bill is NON-NEGOTIABLE and has been prepared by the customer or on the customer's behalf by ARAMEX. As used in these conditions ARAMEX includes Aramex [illegible] all operating divisions and subsidiaries of Aramex [illegible] and their respective agents, servants, officers and employees.

1. SCOPE OF CONDITIONS

These conditions shall govern and apply to all services provided by ARAMEX. BY SIGNING THIS AIRBILL, THE CUSTOMER ACKNOWLEDGES THAT HE/SHE HAS READ THESE CONDITIONS AND AGREES TO BE BOUND BY EACH OF THEM. ARAMEX shall not be bound by any agreement which varies from these conditions unless such agreement is in writing and signed by an authorized officer of ARAMEX. In the absence of such written agreement these conditions shall constitute the entire agreement between ARAMEX and each of its customers. No employee of ARAMEX shall have the authority to alter or waive these terms and conditions except as stated herein.

2. ARAMEX'S OBLIGATIONS

ARAMEX agrees, subject to receiving payment of applicable rates and charges in effect on the date of acceptance by ARAMEX of a shipment, to arrange for the transportation of the shipment between the locations agreed upon by ARAMEX and the customer.

ARAMEX reserves the right to transport the customer's shipment by any route and procedure and by successive carriers and according to its own handling, storage and transportation methods.

3. SERVICE RESTRICTION

a) ARAMEX reserves the right to refuse any documents or parcels from any person or company at its own discretion.

b) ARAMEX reserves the right to abandon carriage of any shipment at any time after acceptance when such shipment could possibly cause damage or delay to other shipments, equipment or personnel or when any such carriage is prohibited by law or is in violation of any of the rules contained herein.

c) ARAMEX reserves the right to open and inspect any shipment consigned by a customer to ensure that it is capable of carriage to the state or country of destination within the standard customs procedures and handling methods of ARAMEX. In exercising this right ARAMEX does not warrant that any particular item to be carried is capable of carriage without infringing the law of any country or state through which the item may be carried.

4. LIMITATION OF LIABILITY

Subject to Sections 5 and 6 hereof:

a) ARAMEX will be responsible for the customer's shipment only while it is within ARAMEX's custody and control. ARAMEX shall not be liable for loss or damage of a shipment while such shipment is out of ARAMEX'S custody or control. ARAMEX'S LIABILITY IS IN ANY EVENT LIMITED TO ONE HUNDRED DOLLARS (US$100/-) or its equivalent per shipment unless a higher value is declared on the Airway bill at the time of tender and an additional charge is paid [illegible] and determined by ARAMEX for each one hundred Dollars (US$100/-) or fraction thereof by which the insured value designated by the customer on the Airway bill exceeds One Hundred Dollars (US$100/-) per shipment.

b) Notwithstanding the foregoing should the customer at the time of tender declare a higher value than One Hundred Dollars (US$100.00) on the Airway bill ARAMEX'S liability shall in any event be limited to the lower of the insured value or the amount of any loss or damage actually sustained by the customer.

c) The actual value of a shipment shall be ascertained by reference to its replacement, reconstitution or reconstruction value at the time and place of shipment whichever is less, without reference to its commercial utility to the customer or to other items of consequential loss.

d) NOTWITHSTANDING ANY OF THE FOREGOING, THE MAXIMUM INSURED VALUE ON ANY SHIPMENT ACCEPTED BY ARAMEX IS TEN THOUSAND DOLLARS (US$10,000.00) AND IN NO EVENT SHALL THE LIABILITY OF ARAMEX EXCEED THAT AMOUNT.

5. CONSEQUENTIAL DAMAGES EXCLUDED

ARAMEX SHALL NOT BE LIABLE, IN ANY EVENT, FOR ANY CONSEQUENTIAL OR SPECIAL OR INCIDENTAL DAMAGE OR OTHER INDIRECT LOSS HOWEVER ARISING, WHETHER OR NOT ARAMEX HAD KNOWLEDGE THAT SUCH DAMAGE MIGHT BE INCURRED, INCLUDING, BUT NOT LIMITED TO LOSS OF INCOME, PROFITS, INTEREST, UTILITY OR LOSS OF MARKET.

6. LIABILITY NOT ASSUMED

a) ARAMEX shall not be liable for any loss, damage, delay, misdelivery or nondelivery not caused by its own negligence, or for any loss, damage, delay, misdelivery or non-delivery caused by:

i. the act, default or omission of the shipper, consignee or any other party who claims an interest in the shipment.

ii. the nature of the shipment or any defect, characteristic or inherent vice thereof.

iii. violation by the shipper or consignee of any term or condition stated herein including but not limited to improper or insufficient packing, securing, marking or addressing, misdescribing the contents of any shipment or failure to observe any of these rules relating to the shipments not acceptable for transportation whether such rules are now or hereafter promulgated by ARAMEX.

iv. Acts of God, perils of the air, [illegible] authorities acting with actual or apparent authority of laws or omission of postal customs or other government officials, strikes or other local disputes, civil incidents, [illegible] weather conditions, temperature or atmospheric changes or conditions, mechanical or other delay of any aircraft used in providing transportation services or any other cause reasonably beyond the control of ARAMEX.

v. Acts or omissions of any postal service, forwarder or any other entity to whom a shipment is tendered by ARAMEX for transportation regardless of whether the shipper requested or had knowledge of such third party delivery requirement.

vi. Electrical or magnetic injury, erasure, or other such damage to electronic or photographic images or recordings in any form, damage due to insects or vermin.

b) While ARAMEX will endeavour to exercise its best efforts to provide expeditious delivery in accordance with regular delivery schedules, ARAMEX will not under any circumstances be liable for delay in pickup, transportation or delivery of any shipment regardless of the cause of such delay.

7. MATERIALS NOT ACCEPTABLE FOR TRANSPORT:

a) ARAMEX will notify customer from time to time as to certain classes of materials which are not accepted by ARAMEX for carriage. It is the customer's responsibility to accurately describe the shipment on this Airbill and to ensure that no material is delivered to ARAMEX which has been declared to be unacceptable by ARAMEX.

b) ARAMEX will not carry:

i. property the carriage of which is prohibited by any law, regulation or statute or local government of any country from or through which the property may be carried.

| | | | |
| --- | --- | --- | --- |
| firearms | bullion | works of art | negotiable instruments in bearer form |
| jewelry | precious metals | precious stones | lewd, obscene or pornographic material |
| currency | stamps | deeds | hazardous or combustible material |
| cashier's checks | money orders | travelers checks | industrial carbon and diamonds |
| antiques | plants | animals | |

c) In the event that any customer should consign to ARAMEX any such items described above, or any item which the customer has undervalued for customs purposes or misdescribed, whether intentionally or otherwise, the customer shall indemnify and hold ARAMEX harmless from all claims, damages, fines and expenses arising in connection therewith and ARAMEX shall have the right to abandon such property and/or release possession of said property to any agent or employee of any national or local government claiming jurisdiction over such materials. Immediately upon ARAMEX's obtaining knowledge that such materials infringing these conditions have been turned over to ARAMEX, ARAMEX shall be free to exercise any of its rights reserved to it under this section without incurring liability whatsoever to the customer.

8. PACKAGING:

The packaging of the customer's documents or goods for transportation is the customer's responsibility including the placing of the goods or documents in any container which may be supplied by the customer to ARAMEX. ARAMEX accepts no responsibility for loss or damage to documents or goods caused by inadequate or inappropriate packaging. It is the sole responsibility of the customer to address adequately each consignment of documents or goods to enable effective delivery. ARAMEX shall not be liable for delay in forwarding or delivery resulting from the customer's failure to comply with its obligations in this respect.

9. NEGLIGENCE:

The customer is liable for all losses, damages and expenses arising as a result of its failure to comply with its obligations under this agreement or as a result of its negligence.

10. CHARGES

Any rates quoted by ARAMEX for carriage are inclusive of local airport taxes exclusive of any value added taxes, duties, levies, imposts, deposits or outlays incurred in respect of carriage of the customer's goods. Should the customer indicate by endorsement in the space provided on the airbill that the receiver shall be liable for any customs duty, the customer shall be liable for such customs duty in the event of a default in payment by the receiver. ARAMEX will not be liable for any penalties imposed or loss or damage incurred due to the customer's documents or goods being impounded by customs or similar authorities and the customer hereby indemnifies ARAMEX against such penalty or loss.

11. PROPERTY:

ARAMEX will only carry documents or goods which are the property of the customer and the customer warrants that it is authorized to accept and is accepting these conditions not only on behalf of itself but as agent and on behalf of all other persons who are or may hereafter be interested in the documents or goods. The customer hereby undertakes to indemnify ARAMEX against any damages, costs and expenses resulting from any breach of this warranty.

12. CLAIMS

ANY CLAIMS AGAINST ARAMEX MUST BE SUBMITTED IN WRITING TO THE OFFICE OF ARAMEX NEAREST THE LOCATION WHERE THE SHIPMENT WAS ACCEPTED, WITHIN SIXTY (60 DAYS) OF THE DATE OF ACCEPTANCE BY ARAMEX.

13. NON-DELIVERY OF SHIPMENT

Notwithstanding the shipper's instruction to the contrary the shipper shall be liable for all costs and expenses related to the shipment of the package, for costs incurred in either returning the shipment or warehousing the shipment pending disposition.

14. INSURANCE:

a) ARAMEX maintains cargo liability insurance to the full extent of the liability offered to the shipper.

b) At the request of the shipper and upon payment therefore at the then prevailing rates ARAMEX will arrange insurance coverage on behalf of the shipper in an amount not exceeding Ten Thousand Dollars (10 000.00).

c) The insurance cover shall be governed by all the terms and conditions contained in the policy of insurance issued by insurance [illegible] certificate evidencing such insurance will be made available to the shipper.

d) CONSEQUENTIAL DAMAGES AND LOSS OR DAMAGE RESULTING FROM DELAYS IN TRANSPORTATION ARE NOT COVERED BY ANY SUCH POLICY OF INSURANCE.

15. WARSAW CONVENTION:

"Where the rules relating to liability established by the Warsaw convention or the CMR convention apply, carrier's liability is governed by and shall be limited in accordance with such rules. Subject to applicable law, where the Warsaw convention or the CMR convention do not apply, liability for loss or damage is governed by these conditions and shall be limited to proven damages up to an amount not exceeding US$100 / shipment"

THIS IS A NON-NEGOTIABLE AIRBILL. ALL SERVICES PROVIDED ARE SUBJECT TO THE TERMS AND CONDITIONS SET FORTH ON THE REVERSE OF SHIPPER'S COPY. BY SIGNING THIS AIRBILL, THE SHIPPER ACKNOWLEDGES THAT HE/SHE HAS READ THESE CONDITIONS AND AGREES TO BE BOUND BY EACH OF THEM. ARAMEX'S LIABILITY IS LIMITED TO US$ 100.00. IN TENDERING THIS SHIPMENT SHIPPER AGREES THAT ARAMEX SHALL NOT BE LIABLE FOR SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES ARISING FROM THE CARRIAGE HEREOF. ARAMEX DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED WITH RESPECT TO THIS SHIPMENT.